FISHERBROYLES, LLP
ADAM YOWELL (State Bar No. 273661)
adam.yowell@fisherbroyles.com
530 Lytton Avenue, Second Floor
Palo Alto, CA 94301
Telephone: (775) 230-7364

Attorney for Plaintiff Harvest Right, LLC

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| HARVEST RIGHT, LLC; | CASE NO. |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| STAY FRESH TECHNOLOGY, LLC and DOES 1-10 inclusive, | **JURY TRIAL DEMANDED** |
| Defendant. | |

*COMPLAINT FOR PATENT INFRINGEMENT*

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Harvest Right, LLC ("**Harvest**" or "**Plaintiff**") hereby asserts the following claims for patent infringement against Defendant Stay Fresh Technology, LLC ("**Stay Fresh**" or "**Defendant**"), and states as follows:

### NATURE OF ACTION

1.     This is an action for patent infringement based on Defendant's infringing freeze dryer Products, including the Freeze Dryer with Commercial Pump, Freeze Dryer with Premier Pump, Freeze Dryer (7 Shelf) with Commercial Pump, Mega Freeze Dryer, and Freeze Dryer (7 Shelf) with Premier Pump (sold under model numbers 4H11560US and 12H11560US, and collectively referred to as the "**Accused Products**") as offered for sale and sold on Defendant's website www.stayfreshfreezedry.com.

2.     Harvest Right seeks remedies for Stay Fresh's patent infringement under the patent laws of the United States, 35 U.S.C. § 1, et seq., arising out of Stay Fresh's manufacturing, using, selling, offering for sale, and/or importing the Accused Products directly, jointly, indirectly, and/or willfully infringing one or more claims in Harvest Right's U.S. Patent No. 12,225,914 issued February 18, 2025, entitled "Freeze Dryers And Drying Processes For Materials With Low Water Content" (the "'**914 Patent**"). A copy of the '914 Patent is attached as **Exhibit A**.

3.     Harvest Right seeks remedies for Stay Fresh's patent infringement under the patent laws of the United States, 35 U.S.C. § 1, et seq., arising out of Stay Fresh's manufacturing, using, selling, offering for sale, and/or importing the Accused Products directly, jointly, indirectly, and/or willfully infringing one or more claims in Harvest Right's U.S. Patent No. 12,245,610 issued March 11, 2025, entitled "Freeze Dryers And Drying Processes For Materials With Low Water Content" (the "'**610 Patent**" and collectively referred to with the '914 Patent as the

**"Asserted Patents"**). A copy of the '610 Patent is attached as **Exhibit B**.

## PARTIES

4.      Harvest Right is a Delaware limited liability company with a principal place of business at 2320 N. 2200 W., Salt Lake City, Utah 84116.

5.      On information and belief, Stay Fresh is a California limited liability company with a principal place of business at 1519 W. 139th Street, Gardena, California 90249.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7.      Stay Fresh is engaged in, importing, marketing, selling, and distributing a range of freeze dryer products in the United States.

8.      This Court has personal jurisdiction over Stay Fresh because it has a principal place of business in this District.

9.      Under 28 U.S.C. § 1400(b), venue is proper in this District because it is where Stay Fresh's principal place of business is located.

10.      Venue is proper in this Division because Stay Fresh's principal place of business is located in Gardena, California.

## FACTUAL BACKGROUND

11.      Harvest Right is a global leader in freeze-drying technology, particularly for the consumer and prosumer markets. The company pioneered the development and commercialization of the first affordable, at-home freeze dryers, creating an entirely new category of home appliance. Through substantial and continuous investment in research, development, engineering, and marketing, Harvest Right has established itself as the preeminent innovator in this field. The company's products are recognized for their quality, reliability, and advanced

features, which have allowed Harvest Right to cultivate a well-known and trusted brand and generate significant goodwill among consumers and businesses.

12.     A key aspect of Harvest Right's innovation involves developing specialized processes and software to effectively freeze-dry a wide variety of materials, including those that are notoriously difficult to process. Specifically, Harvest Right invested significant resources to solve the technical challenges associated with freeze-drying materials with high sugar content, such as candy and other confections. These efforts resulted in the development of proprietary technology, including specific heating and vacuum cycles, that enable superior results for such applications. This proprietary technology is embodied in features available on its freeze dryers, including its widely recognized "Candy Mode."

13.     Harvest Right is the legal owner by assignment of the '914 and '610 Patents, which were duly and legally issued by the United States Patent & Trademark Office. The Asserted Patents disclose novel features and improvements to the ability and ease of use for processing candy in freeze drying machines that were not available prior to the patented inventions. Harvest Right sought and obtained the Asserted Patents to protect the significant investment made in candy-specific functionalities that have made it the market leader in home freeze dryers.

14.     The '914 and '610 Patents are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code. Stay Fresh infringes the '914 and '610 Patents by making, using, selling, and/or offering to sell, or causing others to make, use, sell, and/or offer to sell the Accused Products, which embody the claims thereof.

15.     In contravention of 35 U.S.C. § 271, Stay Fresh infringes the '914 and '610 Patents by making, using, selling, and/or offering to sell, or causing others to make, use, sell, and/or offer to sell the Accused Products, which embody the claims thereof.

*COMPLAINT FOR PATENT INFRINGEMENT*

16.     Stay Fresh's Accused Products compete with Harvest Right's patented machines. Stay Fresh consistently advertised and promoted the infringing candy-specific functionality to unfairly compete with Harvest Right's leadership in this market. In particular, Stay Fresh has explicit instructions in its user manuals on how to practice the patented methods, and has specially programmed the Accused Products to include the patented candy-specific functionality.

17.     The patented functionality is a critical commercial selling point and a key differentiator among competing freeze dryers. Stay Fresh has published at least ten blog posts directed specifically to the use of the candy features of its infringing devices. Exhibits G-P. One such blog post from July 2023 is titled "Everyone Loves Freeze Dried Candies." Exhibit G.

18.     Stay Fresh's blatant targeting of Harvest Right's patented inventions is intended to and has diverted sales from Harvest Right, harming Harvest Right both monetarily and irreparably.

## CLAIM 1
### (Infringement of U.S. Patent No. 12,225,914)

19.     Harvest Right hereby incorporates by reference each of the preceding paragraphs.

20.     The '914 Patent is directed to freeze dryers and drying processes for materials with low water content. Specifically, the '914 Patent discloses a novel freeze dryer and method for freeze drying whereby, *inter alia*, a freeze drying process is repeated without requiring an intervening defrost cycle. Prior art machines were not capable of this functionality in their ordinary use.

21.     The '914 Patent claims, among other things, [a] method for drying a first material and a second material in a freeze dryer, the freeze dryer comprising: a vacuum chamber including one or more interior walls; a vacuum pump pneumatically linked to the vacuum chamber; a cooling system configured to cool

the one or more interior walls of the vacuum chamber; a heating system configured to heat the first material and the second material in the vacuum chamber; and an electronic controller comprising: a processor; and memory communicatively linked to the processor; the method comprising: positioning the first material in the freeze dryer; drying the first material by reducing the pressure in the vacuum chamber below ambient pressure; collecting water vapor from the first material as ice on the one or more interior walls of the vacuum chamber; removing the first material in the freeze dryer; positioning the second material in the freeze dryer; drying the second material in the freeze dryer by reducing pressure in the vacuum chamber below ambient pressure without defrosting the ice on the one or more interior walls of the vacuum chamber..”

22.     Stay Fresh's making, using, selling, and offering for sale of the Accused Products has infringed and currently infringes, either literally or under the doctrine of equivalents, at least claim 20 of the '914 Patent, as illustrated in the claim chart attached hereto as **Exhibit C**.

23.     Stay Fresh has had knowledge of the '914 Patent since at least the filing date of this Complaint at which time Harvest Right sent Stay Fresh a letter informing Stay Fresh of its infringement of the '914 Patent and attaching a copy of this Complaint and exhibits.

24.     Stay Fresh knowingly and intentionally induced and induces infringement of the '914 Patent by providing specific instructions to its customers, such as in its user manuals, how to use the patented invention of the '914 Patent as shown in Exhibit C.

25.     Stay Fresh's continued infringement is knowing, intentional, willful, and/or otherwise egregious.

26.     As a result of Stay Fresh's infringement, Harvest Right has suffered, and continues to suffer, damages in the amount to be proved at trial. Remedies for

*COMPLAINT FOR PATENT INFRINGEMENT*

such infringement should include, among other things, an injunction against continuing infringement, an award of lost profits or a reasonable royalty, as well as an award of enhanced damages and fees and costs.

## CLAIM 2

### (Infringement of U.S. Patent No. 12,245,610)

27.    Harvest Right hereby incorporates by reference each of the preceding paragraphs.

28.    The '610 Patent is directed to freeze dryers and drying processes for materials with low water content. Specifically, the '610 Patent discloses a novel freeze dryer and associated method including a dedicated candy drying process that involves, *inter alia*, reducing the pressure in the chamber without freezing the material.

29.    The '610 Patent claims, among other things, "[a] freeze dryer comprising: a chamber including one or more interior walls; a vacuum pump pneumatically linked to the chamber; a cooling system configured to cool the one or more interior walls of the chamber; a heating system configured to heat a material in the chamber; and an electronic controller comprising: a processor; and memory communicatively linked to the processor, the memory storing instructions used by the processor to operate the freeze dryer; wherein the instructions comprise a candy drying process including reducing pressure in the chamber below ambient pressure to dry the material without the material being frozen."

30.    Stay Fresh's making, using, selling, and offering for sale of the Accused Products has infringed and currently infringes, either literally or under the doctrine of equivalents, at least claim 1 of the '610 Patent, as illustrated in the claim chart attached hereto as **Exhibit D**.

31.    Stay Fresh has had knowledge of the '610 Patent since at least the filing date of this Complaint at which time Harvest Right sent Stay Fresh a letter

*COMPLAINT FOR PATENT INFRINGEMENT*

informing Stay Fresh of its infringement of the '610 Patent and attaching a copy of this Complaint and exhibits.

32.     Stay Fresh also indirectly infringes the '610 Patent by actively inducing and contributing to the direct infringement of the '610 Patent by Stay Fresh's customers.

33.     Stay Fresh knowingly and intentionally induces infringement of the '610 Patent by providing specific instructions to its customers, such as in its user manuals, how to use the patented invention of the '610 Patent.

34.     Stay Fresh knowingly contributes to infringement of the '610 Patent by selling the Accused Products knowing that the patented functionality of the Accused Products has no substantial non-infringing use, and that such functionality of the Accused Products was specifically made and adapted to practice the patented functionality.

35.     Stay Fresh's continued infringement is knowing, intentional, willful, and/or otherwise egregious.

36.     As a result of Stay Fresh's infringement, Harvest Right has suffered, and continues to suffer, damages in the amount to be proved at trial. Remedies for such infringement should include, among other things, an injunction against continuing infringement, an award of lost profits or a reasonable royalty, as well as an award of enhanced damages and fees and costs.

**PRAYER**

WHEREFORE, Harvest Right respectfully requests the Court enter judgment against Stay Fresh:

1.     Finding that Stay Fresh infringes and/or has infringed the Asserted Patents.

2.     Pursuant to 35 U.S.C. § 283, granting a preliminary and permanent injunction enjoining Stay Fresh, its subsidiaries, affiliates, divisions, officers,

agents, servants, employees, directors, partners, representatives, and all parties in active concert and/or participation with Stay Fresh from directly or indirectly making, having made, selling, offering for sale, distributing, using, or importing into the United States products that infringe the Asserted Patents.

3.      Prohibiting Stay Fresh from: making, using, selling, offering for sale, and/or importing the Accused Products into the United States;

4.      Providing that, pursuant to 35 U.S.C. § 284, Stay Fresh accounts for and pays to Harvest Right all damages caused by Stay Fresh's infringement of the Asserted Patents, including lost profits and interest, but in no event less than a reasonable royalty;

5.      Providing that, pursuant to 35 U.S.C. § 285, Harvest Right be awarded costs and attorney's fees incurred in connection with this action, upon a judgment declaring this an exceptional case; and

6.      Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Harvest Right demands trial by jury pursuant to Fed. R. Civ. P. 38(b).


Dated: October 29, 2025                    FISHERBROYLES, LLP

                                           By: /s/ Adam Yowell
                                                Adam Yowell
                                                Attorney for Plaintiff
                                                Harvest Right, LLC

*COMPLAINT FOR PATENT INFRINGEMENT*